SÁNCHEZ, PETICIONARIO Y APELANTE, *v.* AVILÉS, OPOSITOR Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en procedimiento sobre administración judicial de bienes de un finado.

No. 2322.—Resuelto en julio 9, 1921.

ADMINISTRACION JUDICIAL DE BIENES DE UN FINADO—ACREEDOR CON TÍTULO ESCRITO NO ASEGURADO—ALEGACIÓN INSUFICIENTE.—Una petición para la admi-

nistración judicial de bienes de un finado en la cual se alega "que el peticionario tiene un crédito contra los bienes del fenecido" no determina una causa de acción de acuerdo con un estatuto en que se prescribe que "cualquier acreedor con título escrito no asegurado que tuviere algún crédito contra la persona finada, podrá mediante una petición debidamente justificada en que se demuestren los hechos necesarios, solicitar la administración judicial de los bienes de dicha persona finada" y que además contiene el requisito de que en la petición se hará constar, entre otros particulares "el interés y derecho de acción del peticionario."

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. V. M. Fernández.*

Abogado del apelado: *Sr. B. Guerra.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Pío Sánchez Martín establece recurso de apelación contra una resolución dictada por la corte inferior declarando disuelta una administración judicial y alega haberse cometido los siguientes errores:

"1. La corte cometió error al disolver una administración judicial encauzada de acuerdo con el artículo 23 de la Ley de Procedimientos Legales Especiales.

"2. La corte erró al aplicar el artículo 25 de la ley a este caso, que no tiene relación con el mismo."

Rafael Avilés que solicitó y obtuvo la resolución de que se queja el apelante en contestación alega que la petición original sobre administración judicial no determina hechos suficientes para constituir una causa de acción.

La alegación en cuestión expresaba "que el peticionario tiene un crédito contra los bienes del fenecido." La ley dice que "cualquier acreedor con título escrito no asegurado que tuviere algún crédito contra la persona finada, podrá mediante una petición debidamente justificada en que se demuestren los hechos necesarios, solicitar la administración judicial de los bienes de dicha persona finada." En la petición se hará constar, entre otros particulares, "el interés y derecho de acción del peticionario." Claramente que un cré-

dito contra los bienes de una persona finada no es necesaria-
mente un crédito no asegurado contra la persona finada.

Alega el apelante que cierto crédito no asegurado fué
presentado como prueba pero de los autos no aparece tal
cosa. A la demanda no parece haberse acompañado ningún
documento ni en ella se hace referencia a ningún *"exhibit"*.
A continuación del diligenciamiento del emplazamiento se
copia un pagaré y otros documentos en los autos y la orden
de la corte menciona la vista y las pruebas presentadas pero
no existe nada en los autos de donde pueda determinarse
que el pagaré fué presentado como prueba. De todos modos,
los menores representados por Avilés parece que compare-
cieron en los procedimientos por primera vez después de la
orden abriendo la administración, del nombramiento de un
administrador, aceptación por su parte y expedición de car-
tas de administración. Verdaderamente que el apelante en
su alegato admite que en cuanto a tales menores los proce-
dimientos se siguieron en rebeldía. Las prescripciones del
estatuto respecto a lo que ha de hacerse constar en la peti-
ción son pocas, simples y pueden ser cumplidas fácilmente
y de no ser tenidas en cuenta por los abogados con la san-
ción de la corte pronto quedarían convertidas en letra muerta.

Cuestiones algo semejantes a ésta fueron consideradas
y resueltas en los casos de *Sabater* v. *Escudero,* 23 D. P. R.
854, y *Rivera* v. *Cámara,* 17 D. P. R. 528.

La resolución apelada debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf, del Toro y Aldrey.